DOC NO
REC'D/FILED
2013 JUL -8 PM 12: 12
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

------------------------------------------------------------

CATHERINE CONRAD

        Plaintiffs',

DAVID BATZ
SHARON BATZ
SHANAUBA PRODUCTIONS
KAREN M. GALLAGHER
AMY K. SCHOLL
COYNE, SCHULTZ, BECKER & BAUER, S.C.

        Defendants',

July 8, 2013

Case No.

**13 C 0475**

------------------------------------------------------------

## COMPLAINT

------------------------------------------------------------

A. JURSIDICTION

1. Catherine Conrad, Plaintiff, resides at 4230 East Towne Blvd., #183, Madison, WI 53704 and is the co-owner of RigRad Music and Publishing, LLC and all intellectual properties submitted herein.

2. David Batz is a Defendant and is located at 9191 Lost Fields Court Bristow, VA 20136. Mr. Batz is the owner of Shanauba Productions and was the website and domain host for Plaintiff's business Banana Productions, LLC (now RigRad Music & Publishing, LLC) website www.bananalady.com.(c)TM from 2005 to April 15, 2013.

3. Sharon Batz is a Defendant and is located at 9191 Lost Fields Court Bristow, VA 20136. Sharon Batz is a co-owner of Shanauba Productions and spouse of David Batz.

4. Shanauba Productions is a Defendant and a business located at 9191 Lost Fields Court Bristow, VA 20136.

5. Karen M. Gallagher is a Defendant located at 150 E. Gilman Street, #1000, Madison,

WI 53703-1495. Karen M. Gallagher is an attorney who represented David Batz, Sharon Batz and Shanauba Productions in civil case 12-cv-4772 with Plaintiff.

6. Amy K. Scholl is a Defendant located at 150 E. Gilman Street, #1000, Madison, WI 53703-1495. Amy K. Scholl is an attorney who represented David Batz, Sharon Batz and Shanauba Productions in civil case 12-cv-4772 with Plaintiff.

7. COYNE, SCHULTZ, BECKER & BAUER, S.C. is a Defendant located at 150 E. Gilman Street, #1000, Madison, WI 53703-1495. COYNE, SCHULTZ, BECKER & BAUER, S.C is the law firm who employs Karen M. Gallagher and Amy K. Scholl and represented David Batz, Sharon Batz and Shanauba Productions in civil case 12-cv-4772 with Plaintiff.

## CAUSE OF ACTION

8. Plaintiff realleges and incorporates by reference herein paragraphs 1- 7 inclusive and further states:

9. October 30, 2012 - Conrad googled her website www.bananalady.com(c)TM and saw that it was no longer online but instead was up for sale on the internet.

10. October 30, 2012 - Conrad called and emailed David Batz, the web host. David Batz responded that the site was down for a total of six weeks from September 16, 2012 to October 30, 2012 (See google analytics Ex. H).

11. On November 16, 2013 Conrad and Rodney Rigsby, the CEO of the business who owns the bananalady website and co-owner of all copyrights and trademarks with Conrad, mailed David Batz, Sharon Batz and Shanauba Productions a demand letter for lost income and damages from their website being shutdown. David Batz, Sharon Batz and Shanauba Productions admitted their liability and paid a small dollar amount of their choosing but refused

to pay the value Plaintiffs' calculated for their lost income and damages. Defendants' did not own Plaintiffs' domain name and all intellectual property yet they put their property in their own name and up for sale on the internet to profit from.

12. November 30, 2012 - Plaintiffs' filed a large civil lawsuit in Dane County against Defendants' for state claim of breach of contract. This case was dismissed for lack of personal jurisdiction. Plaintiffs' did not file any federal claims in this case.

13. The day the web domain and web content transfer was to take place (April 15, 2013), Attorney Karen M.Gallagher responded to Conrad's email request for their files that *"there was no obligation to provide such"*. (See Ex. A). Attorney Gallagher, Attorney Scholl and their law firm Coyne, Schultz, Becker & Bauer had advised their clients David Batz, Sharon Batz and Shanauba Productions to continue to steal Plaintiffs' property which included all copyrights and trademarks, web domain name and web content files throughout litigation contributing to their continual lose of income and damages so are also liable for these same claims in this federal suit. The damages still occurred in the six weeks www.bananalady.com/.com was offline even before Batz hired the law firm Coyne, Schultz, Becker & Bauer, S.C..

14. The day of the web transfer (April 15, 2013) Shanauba Productions and Mr. Batz hacked into Plaintiffs' business bank account with Associated bank several times (See Ex. F).

15. Recently Plaintiffs' have understood the magnitude of what really happened and what David Batz, Sharon Batz and Shanauba Productions did was a federal offense called cybersquatting or dominion and control which affected all of their intellectual property so filed this federal claim. Defendants' stole Plaintiffs' domain name which is also their trademark name (bananalady) and web content files that held all of their property and transferred it into

-3-

their own name and willfully and intentionally put it up for sale on the internet for profit to a third party or selling it back to them at an inflated price. Per Defendants' own contract with Conrad on page 2, Section IV. with Conrad they state they do not own their customer's intellectual property so at all times had bad faith intentions by stealing their intellectual property thereby infringing on Plaintiffs' copyrights and trademarks (See Ex. B). Plaintiffs' can prove they own their own content because they paid the artists, recording studio engineer, book printers, costume people and so on and Defendants' did not.

16. Defendants' were aware of the ownership change in 2010 to Rodney Rigsby, the new CEO of RigRad Music and Publishing, LLC (previously Banana Productions, LLC) and never revised the web host contract so at all times had bad faith intentions to control Plaintiffs' property for their own agenda. Plaintiffs' just recently learned that Defendants' had control of their web content since 2005 with the files in their possession and never gave them a copy. This put Conrad into a fraudulent position when she sold the business to Rigsby in 2010 because she did not have the website codes and web file content to transfer. This in turn put both Rigsby and Conrad in a fraudulent position when they were raising money for investors since 2008 because they did not have a copy of their content). Attorney Gallagher, Attorney Scholl and Coyne, Schultz, Becker & Bauer condoned and advised their clients to keep Plaintiffs' content in their possession.

17. Plaintiffs' have had many different domain names with Defendants' but only one domain and website was online and a full service business (www.bananaradio.com(c)TM). The yearly fee was only $25 for this domain name and Plaintiffs' always paid Defendants' for the past eight years they've been working together. Plaintiffs' have had their business website

-4-

online for twelve years and have built their reputation to a strong global presence with a large loyal following. Plaintiffs' may never know the extent of damages Defendants' have caused them. But for the negligence of these Defendants' bad faith actions of stealing and infringing on Plaintiffs' business website domain, trademarks and copyrights by putting it up for sale to the public, Plaintiffs' lost the right to police their marks and also suffered harm to their personal and professional reputation. Attorney Gallagher, Attorney Scholl and their law firm Coyne, Schultz, Becker & Bauer contributed to these damages by allowing their clients to continue to steal their content and hold Plaintiffs' property hostage longer than necessary. Plaintiffs' entire business suffered lost revenues from advertisers and sponsors, lost licensing revenues and income opportunities, lost bookings for motivational speaking, parties, corporate events and lost product sales. David Batz, Sharon Batz and Shanauba Productions admitted their liability and Attorney Scholl in the state case admitted on the record their liability as well. Plaintiffs' website was their calling card for all avenues of their income and Defendants' David Batz, Sharon Batz and Shanauba Productions did not have the right to annihilate that. The actions and conduct of Attorney Gallagher, Attorney Scholl and their law firm Coyne, Schultz, Becker & Bauer was inexcusable and contributed to even more damages to Plaintiffs' by not getting Plaintiffs' property back to them in a timely manner and holding it hostage for their own interests in exchange for Plaintiffs' to sign a release not to sue them in federal court for the federal claims.

## CLAIMS

18. Plaintiff realleges and incorporates by reference herein paragraphs 1- 7 inclusive and further states:

19. **Copyright infringement** – Plaintiffs' Conrad, Rigsby and RigRad Music and

-5-

Publishing, LLC hold the valid US Copyright certificates in the following copyrights that were housed on the www.bananalady.com website©TM (See Exhibit C). By Defendants 'unauthorized transfer of Plaintiffs' bananalady domain name and web content into their own name and putting it up for sale on the internet Defendants' infringed because they did not own Plaintiff's copyrights. Defendants' used Plaintiffs' copyrights without permissions and had access to the work because they had Plaintiffs' files therefore copying their work. (See Exhibit C and G).

Federal Copyrights:

1. "As Strong As I Can Be ©" - Reg. No. SR 660-176

2. "Banana Lady ©" - Reg. No. VA 1-724-407

3. "The Banana Lady Character Costume ©" – VA 1-822-243

4. "Out In My Dreams ©" – SR 672-583

5. "The Lemonade Stand ©" – TX 7-256-929

6. "Banana and Spike ©" – VA 1-724-458

7. "Catherine Conrad ©" – VA 1-724-469

**20. Trade Dress violation of the Lanham Act 43, 15 U.S.C. 1125.** The "Banana Lady © TM costume is inherently distinctive, non-functional, and distinguishes traders or manufacturer's products or services from those of others. The costume is a special color of yellow, and shaped in a seven foot custom designed banana for Catherine Conrad's character. Distinctiveness is the most important aspect of her trade dress protection. Defendants' willfully put Plaintiffs' bananalady costume up for sale on the internet and are in violation of Plaintiffs' trade dress and infringed on the Banana Lady costume. They did not have permissions and altered the color of

the costume. Plaintiffs' hold an official registered trademark in the "Banana Lady" © TM Reg. no. 3,452,811, June 4, 2008. (See Exhibit D and G). Because of the Defendants' actions it likely caused confusion in the marketplace (in this case the internet) because the infringers use of the Plaintiffs' trade dress would cause a reasonable purchaser to be confused on the source of the alleged infringers banana lady service and product or the connection the Plaintiffs' had with them.

**21. Trademark Infringement.** By Defendants' unauthorized transfer of Plaintiffs' bananalady domain name which was also the name of Plaintiffs' trademark into their own name and putting it up for sale on the internet to a third party Defendants' infringed on Plaintiffs' trademarks (See Exhibit E and G). But for the infringing action Plaintiffs would not have suffered harm from lost sales and harm to their reputation and goodwill so are seeking actual damages.

Trademarks (Federal):

1. "Banana Lady TM" – Service Mark Principal Register – Reg. No 3,452,811

2. "Banana Productions, LLC logo TM" - Service Mark Principal Register – Reg. No. 3,448,542

3. "Banana Adventures TM" – Trademark Principal Register – Reg. No. 3,448,547

Trademarks (Wisconsin State):

1. Animated Banana and Spike circular logo for As Strong As I Can Be – August 20, 2008

2. "Banana Bites TM" – August 20, 2008

3. "Catherine Conrad" as Children's book author – August 20, 2008.

**22. Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) and 15 USC 1129 Cyberpiracy protections for individuals.** Defendants' David Batz, Sharon Batz and

-7-

Shanauba Productions registered and was trafficking Plaintiffs' bananalady.com©TM domain name, trademark name and all web content with the bad faith intent to profit from the goodwill of their trademark offering to sell their property to a third party and or back to Plaintiffs' at an inflated price. Defendants' David Batz, Sharon Batz and Shanauba Productions are cybersquatters who exhibited bad faith intentions which confers liability. These Defendants' at all times knew the dollar value of Plaintiffs' website from their long term relationship and knew Plaintiffs' would want their domain name, trademark name and all web content back. Under this statute Defendants' David Batz, Sharon Batz and Shanauba Productions registered Plaintiffs' domain name in their own name and put it up for sale on the internet which proves their bad faith intent to profit from because it was identical to Plaintiffs' distinctive mark.

23. **Misappropriation – Theft 943.20(1)(a)** – All Defendants' directly (David Batz, Sharon Batz and Shanauba Productions) and contributory (Attorney Karen M. Gallagher, Attorney Scholl and Coyne, Schultz, Becker & Bauer) committed theft by intentionally taking and carrying away, transferred, concealed and retained possession of Plaintiffs' property without their consent intending to deprive Plaintiffs' of possession of their property (which was their web domain name, and all web content which was copyrights and trademark properties housed on this domain name). According to 943.20(3)(c) if the value of the property exceeds $10,000, Defendants' are guilty of a Class G felony. Plaintiffs' website value in hard costs alone with their intellectual property was $75,000. Defendants' knew this value as they had closely worked with Plaintiff's business over the past eight years. All Defendants' actions were willful and intentional.

-8-

**24. Bank Fraud – Violation of 18 USC § 1344 -** Defendnats' David Batz, Sharon Batz and Shanauba Productions knowingly executed or a scheme or artifice to: (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises. These Defendants' hacked into Plaintiff's businesss account with Associated Bank on April 15, 2013 and the day of the web domain and web content transfer for bananalady.com. was to occur. Plaintiff Conrad had to cancel her debit business card and spend countless hours trying to repair the fraud with her bank and new web host servicer 1 and 1. This is the same account Plaintiffs had been paying for the Defendants'web host services so they had Plaintiffs' account information. Defendant David Batz's day job holds a high clearance cyber security status as he works for a large utility company in Washington DC.. Even moreso he shnould undertand that you can't cut off someone's utilities (or in this case income) without notice. Plaintiffs' bank and 1 and 1 confirmed the fraud on Plaintiffs' business bank account. (See Ex. F).

**25. Defamation –** But for the negligent conduct of all Defendants' which includes Attorney's Gallagher, Scholl and their law firm Coyne, Schultz, Becker & Bauer, Plaintiffs' would not have suffered the devasting harm to their personal and business reputation of their website being shut down for six weeks and their domain name and trademark name for sale to the public on the internet.

According to Wisconsin Statute 802.03 Pleading special matters: When a libel action is

based on conduct rather than words, sub. (6) is not applicable. Starobin v. Northridge Lakes Development Co. 94 Wis. 2d 1, 287 N.W.2d 747 (1980). 802.03 - ANNOT. In 1966, the Wisconsin Supreme Court adopted a broad definition. It said, adopting the Restatement test, that a communication is defamatory if it so harms one's reputation "as to lower him in the estimation of the community or to deter third persons from associating or dealing with him". 12 In his 8. Id. At 458, 113 N.W.2d at 138. By Defendants' conduct of registering Plaintiff's domain web name and posting it for sale on the internet proves a *deliberate* misrepresentation of the facts. Defendants' knew they did not own Plaintiffs' trademark bananalady©TM and that the information was incorrect. Defendants' had prior knowledge of their deceit and voluntarily misrepresented and omitted the facts. Plaintiffs' relied on the expertise of the Defendants' to professionally do their job in hosting their website and suffered harm on this reliance never thinking Defendants' would sell their business domain name and intellectual property out from under them.

**26. Violation of the Right of Publicity** – Defendant's used Catherine Conrad's face which was in the web content in the banana lady costume which they put up for sale intentionally for profit on the internet. Their conduct was willful and malicious..

**27. Conversion** – 1) Plaintiff owns their domain name, all copyrights, trademarks and website content files that contains their intellectual property and all art. 2) Defendants' intentionally interfered with Plaintiffs' personal property (dominion and control over it), 3) Defendants' interference deprived Plaintiffs' of possession of their web content files and use of it and 4) Defendants' interference caused damage to Plaintiffs' in the loss of all sources of their income and income opportunities. Defendants' committed conversion by taking Plaintiffs' property without permissions. Conrad found out by chance that their website was offline.

Defendants' admitted the site had been down for six weeks (Sept. 16 2012 through October 31, 2012) and they were not going to tell Conrad of their actions of putting their domain name www.bananalady.com(c)TM and their trademark name bananalady" up for sale on the internet. During the state civil case Plaintiffs' tried to get their property back through litigation however the Defendants' attorneys and their law firm continued to hold Plaintiffs' property hostage until April 15, 2013 when Plaintiffs' took back possession of their property (web codes and web content). Defendants' have denied Plaintiffs' possession of their web file content since 2005 but did not make their move to transfer and convert Plaintiffs' property until Sept. 16, 2012.

**28. Tax Evasion** - Defendants' had Plaintiffs' web content files since 2005 and never gave them a copy. Technically Defendants' should have been claiming these assets on their taxes but this is fraudulent since they do not own or pay for any of Plaintiffs' content that they have possession of. Defendants' were either claiming Plaintiffs' assets as their own on their taxes or not claiming these assets on their taxes at even though they had possession of them. Both David Batz, Sharon Batz and Shanauba Productions are all responsible for their joint tax filings so are both liable. Plaintiffs' have been claiming these assets for years on their taxes but technically never had them in their possession. Either way these Defendants' deliberately misrepresented their true state of their affairs to the tax authorities to 1) reduce their tax liability which includes dishonest tax reporting, 2) such as declaring less income, profits or gains than the amounts actually earned, or 3) overstating threir deductions. It is beyond a reasonable doubt Defendants' had in their possession since 2005 all of Plaintiffs' web file content and web codes. The elements exist here of a tax deficiency, were willful in an attempted evasion of tax, and

mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency which is the affirmative act. Defendants' affirmative acts of evasion include evading taxes by placing assets in another's name, dealing in cash, and having receipts or debts paid through and in the name of another person. Either Defendants claimed Plaintiff's assets as their own illegally or didn't claim it but should have because they had possession of it and transferred it in their name. This is a fraudulent scenario and Defendants held Plaintiffs' content/property hostage in a tax scenario.

**29. Inducement to Securities fraud** or **investment fraud** - is a deceptive practice in the stock or commodities markets that induces investors to make purchase or sale decisions on the basis of false information. Defendants' forced Plaintiffs' to mislead their potential investors because they did not have in their possession their website content files and codes which were part of the investment because it is an asses. Plaintiffs' thought they had possession of their content all these years but learned the day of the web domain transfer on April 15, 2013 they did not because Defendants' purposely withheld it from them with the bad faith intention of never giving them back. Defendants' attorneys condoned, encouraged and advised thei clients to keep Plaintiffs' content so are just as liable as their clients.

**30. Misappropriation / Misrepresentation / Unfair Competition** – Defendants'actions that confused consumers as to the source of the bananalady© TM website products. The narrower unfair competition concept involving source confusion can result from misrepresentation (ie. passing off of ones product as another) or from misappropriation of another's product and claiming it as one's own. In this case because of the Defendants' actions of shutting down Plaintiffs' and Rigsby's website without warning for six weeks, it not only gave

them a disadvantage for business to compete but took them out of the market completely and confused the public as to the new source of its products. Plaintiffs' website had been active online consistently for twelve years with no interruptions and whose business is mostly referral. But for the negligence of the Defendants' actions of removing all of Plaintiffs' opportunities to compete and do business at all, they never would have suffered their huge loss of income and damages.

## CONCLUSION

Defendants' actions were willful and malicious and had bad faith intentions at all times to be in control of Plaintiffs' intellectual properties, domain name and web content files and could foresee the harm and damages their actions would cause Plaintiffs'. Mr. Batz told Plaintiff Conrad that he was never going to tell her what he had done. The Defendant attorneys and law firm were also aware of their bad faith conduct at all times and could foresee their actions would cause harm and further damages to Plaintiffs' and didn't care. Defendants' have admitted their liability and Attorney Scholl has stated it on the record in the state case as well.

## PRAYER FOR RELIEF

Plaintiff prays for the courts to judge in their favor and against all Defendants listed in this case. Plaintiff is seeking:

1. Monetary relief for copyright infringement and its respective remedies.

2. Monetary relief for trademark infringement and its respective remedies

3. Monetary relief for trade dress infringement and actual damages and or treble damages and attorney fees because it was willful.

4. Monetary relief for Cybersquatting per ACPA 15 U.S.C. § 1125(d) and 15 USC 1129
    a. actual damages or statutory damages in the amount of a maximum of $100,000 for each name found to be in violation.

5. Monetary relief for Defamation and its respective remedies

6. Misappropriation – Theft and its respective remedies per 943.20(1)(a) and 943.20(3)(c).

7. Monetary relief for Bank Fraud per 18 USC § 1344

8. Monetary relief for violation of the Right of Publicity per Wis. Stat. 995.50 and its remedies.

9. Monetary relief for committing conversion and its respective remedies.

10. Monetary relief for committing security fraud its respective remedies

11. Monetary relief for committing Unfair Competition / Misrepresentation / /Misappropriation and its respective remedies

12. Court costs, attorney fees and fees reimbursed

13. Joint and several liability for all Defendants'

Respectfully submitted,

*[signature]*

Catherine Conrad
4230 East Towne Blvd., #183,
Madison, WI
608-957-1393