IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE CONRAD,

                                                                               OPINION AND ORDER

                Plaintiff,

                                                                                 13-cv-475-bbc

      v.

DAVID BATZ, SHARON BATZ
and SHANAUBA PRODUCTIONS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff Catherine Conrad is proceeding on two claims against defendants David Batz, Sharon Batz and Shanauba Productions: (1) defendants violated 15 U.S.C. § 1125(d) by trying to sell a domain name for www.bananalady.com, which is a protected trademark; and (2) defendants committed the tort of conversion by interfering with plaintiff's rights to the content of her website. Defendants have filed a motion to dismiss, dkt. #11, which is ready for review.

        With respect to plaintiff's federal claim, defendants note that a person may not bring a claim under § 1125(d) unless she is the "owner" of the trademark at issue. 15 U.S.C. § 1125(d)(1)(A). When screening plaintiff's complaint under 28 U.S.C. § 1915, I accepted as true her allegation that she owns the trademark for the name "Banana Lady." Cpt. ¶¶ 11, 20-22. However, in their motion, defendants cite one of the exhibits to plaintiff's complaint, which shows that the name "Banana Lady" is registered to "Banana Productions LLC," not

1

plaintiff. Cpt., dkt. #1, exh. E at 8. "[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004). Further, in her opposition brief, plaintiff admits that "Banana Productions, LLC (now RigRad Music & Publishing LLC) . . . owns the Banana Lady trademark." Dkt. #14 at 1.

Neither Banana Productions nor RigRad Music & Publishing is a party to this case. Although plaintiff says that she is a co-owner of the company, that is irrelevant. Plaintiff cannot assert the rights of another party. Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) ("[The Supreme Court has] adhered to the rule that a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (internal quotation omitted)). Perhaps plaintiff did not include the company in her complaint because she is proceeding without counsel and she knows that pro se parties cannot represent companies in a lawsuit. United States v. Hagerman, 545 F.3d 579 (7th Cir. 2008) (limited liability companies, like corporations, may not proceed pro se in federal court because "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity"). Regardless of her reason, she cannot circumvent the counsel requirement simply by suing in her own name instead.

Much of plaintiff's brief is devoted to an argument about defendants' and their counsel's alleged "pattern of abuse of the judicial system." Dkt. #14 at 6. Plaintiff cites

2

little evidence to support these allegations, but even if they are true, they have no bearing on defendants' motion to dismiss. Plaintiff cannot manufacture the right to sue on behalf of another party by accusing defendants of misconduct.

Plaintiff develops no substantive arguments in opposition to defendants' motion to dismiss her federal claim. Her only attempt is a one-sentence allegation that defendants' counsel waived the ownership issue by failing to raise it in another case in 2009. Plt.'s Br., dkt. #14, at 12. That argument is a nonstarter because plaintiff was suing different parties in that case. Conrad v. Westport Maine, Inc., 09-cv-49-bbc (W.D. Wis.). Counsel cannot waive the rights of a client through a litigation strategy on behalf of a different client in a different case. In fact, it likely would violate defendants' right to due process to bind them to a decision in another case over which they had no control. Cf. Blonder-Tongue Laboratory, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329 (1971) (due process prohibits barring litigant who was not party to prior action from litigating identical issue despite existing decisions on issue that are contrary to litigant's position). Even if a lawyer could waive another party's rights, I am not aware of any authority to support the proposition that the failure to raise an issue in one case bars a party from raising it in another case. Accordingly, I am granting defendants' motion to dismiss the complaint as to plaintiff's federal claim.

With respect to the remaining state law claim, the initial question is whether the court has jurisdiction over the claim under 28 U.S.C. § 1332 or 28 U.S.C. § 1367. Section 1367 authorizes a federal district court to exercise supplemental jurisdiction over a state law

claim when it is arises out of the same facts as a federal law claim in the same case. If the federal law claim is dismissed during an early stage of the case, the general rule is to decline to exercise jurisdiction over any remaining state law claims. Segal v. Geisha NYC LLC, 517 F.3d 501 (7th Cir. 2008). Section 1332 authorizes a federal district court to exercise jurisdiction over a state law claim if the plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000.

Plaintiff says nothing in her opposition brief about the parties' citizenship, even though defendants assume in their briefs that § 1367 provides the only basis for exercising jurisdiction over the state law claim and they argue that the court should decline to exercise jurisdiction over the claim. As a result, plaintiff arguably has forfeited any argument that jurisdiction is present under § 1332.

In her complaint, plaintiff says that she "resides" in Wisconsin and that each of the defendants is "located" in Virginia, but those allegations are not sufficient to show citizenship. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix and von Gontard, 385 F.3d 737, 738 (7th Cir. 2004) (describing methods for determining citizenship of different types of business entities). In any event, even if I assume that plaintiff and defendants are citizens of different states, it is not plausible to infer from plaintiff's complaint that the amount in controversy is greater than $75,000. The basis for plaintiff's conversion claim is an allegation that defendants took the content of her website

and prevented her from using it for six weeks. However, she does not include any allegations in her complaint that would allow the drawing of inference that she lost more than $75,000 because of defendants' conduct or that she otherwise would be able to recover that amount if she prevailed on her claim. <u>Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC</u>, 589 F.3d 881, 886 (7th Cir. 2009) (under § 1332, plaintiff must have good faith basis for believing that amount in controversy is greater than $75,000). Accordingly, I conclude that § 1367 provides the only basis for exercising jurisdiction over plaintiff's state law claim. Because neither side identifies a reason for retaining jurisdiction now that the federal claim is being dismissed, I will dismiss the conversion claim without prejudice to plaintiff's refiling it in state court.

Plaintiff concludes her brief by asking the court to impose sanctions on defendants under 28 U.S.C. § 1927 and Wis. Stat. § 895.044 for filing a frivolous motion. Section 895.044 has no bearing on a motion filed in federal court, but, regardless, I am denying plaintiff's request because defendants' motion is not frivolous.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants David Batz, Sharon Batz and Shanauba Productions, dkt. #11, is GRANTED. Plaintiff Catherine Conrad's claim under 15 U.S.C. § 1125(d) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. Plaintiff's state law claim for conversion is DISMISSED WITHOUT

PREJUDICE to her refiling it in state court.

    2. Plaintiff's request for sanctions is DENIED.

    3. The clerk of court is directed to enter judgment accordingly.

Entered this 24th day of February, 2014.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge